Argued and submitted September 1, 2011, affirmed July 11, 2012

Jodi M. POPPA,
*Plaintiff-Appellant,*

*v.*

Dan LAIRD
and Shirley Laird,
dba Copy Masters,
dba Copy Masters Business Systems,
*Defendants-Respondents.*

Jackson County Circuit Court
074054L3; A141724

283 P3d 376

G. Jefferson Campbell, Jr., argued the cause for appellant. With him on the brief was G. Jefferson Campbell, Jr., P.C.

No appearance for respondents.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Plaintiff appeals a judgment in favor of defendants, contending that the trial court erred in concluding that plaintiff was not entitled to recover economic and noneconomic damages on her claim for wrongful use of civil proceedings. We affirm.

Plaintiff was an employee of a company owned by defendants. She quit her job with the company and filed a wage claim against the company and defendants in the small claims department of circuit court. Defendants filed a counterclaim against plaintiff, alleging that she had stolen property from the company, and demanded a jury trial, thereby requiring plaintiff to file a formal complaint in circuit court. *See* ORS 46.455(3) ("If the amount or value claimed exceeds $750, the defendant has a constitutional right to a jury trial[.]"); ORS 46.465(3)(a) ("If the defendant claims the right to a jury trial, * * * the plaintiff must file a formal complaint with the [circuit] court[.]").

Plaintiff hired an attorney to represent her in the case and filed an amended complaint that added claims against defendants for wrongful termination, intentional infliction of emotional distress, wrongful prosecution, and wrongful use of civil proceedings. The parties' claims were tried to a jury, which found in favor of plaintiff on all of her claims and against defendants on their counterclaim.

The jury did not award any damages to plaintiff on her claim for wrongful use of civil proceedings, based on a jury instruction that told the jury that the court would award damages to plaintiff through the procedure in ORCP 68 for awarding costs and attorney fees.[1] However, the trial court ultimately concluded that the wrongful use of civil proceedings claim should not have been tried to the jury because ORS 31.230(3) requires such a claim to be brought "in an original action after the proceeding which

---

[1] ORCP 68 "governs the pleading, proof and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees, except when * * * [s]uch items are claimed as damages arising prior to the action[.]" ORCP 68 C(1)(a). The trial court understood ORCP 68 to govern the award of attorney fees on plaintiff's wrongful use of civil proceedings claim because the fees arose in the pending action, rather than a prior action, and, accordingly, were not excepted from ORCP 68.

is the subject matter of the claim is concluded."[2] The court consequently concluded that plaintiff's wrongful use of civil proceedings claim had been prematurely filed.

Plaintiff filed a new action against defendants for wrongful use of civil proceedings, alleging that defendants' filing of their counterclaim in the first action forced her to retain an attorney to defend against the counterclaim and, thereby, to incur attorney fees. She also alleged that she had suffered noneconomic damages as a result of contending with the counterclaim.

The trial court eventually entered default orders against defendants based on their failure to timely respond to plaintiff's complaint. Plaintiff thereafter filed a request for entry of a general judgment together with an affidavit in which she stated that she had incurred $5,925.12 in attorney fees defending against defendants' counterclaim. She also stated in her affidavit that she had become extremely nervous, lost sleep, and suffered dry heaves due to the stress of dealing with the counterclaim. The court concluded that the affidavit was insufficient to establish plaintiff's damages, so it held a *prima facie* hearing on damages. The *prima facie* hearing is not part of the record on appeal because it was not recorded.

After the *prima facie* hearing, the court entered a general judgment for defendants based on its conclusion that plaintiff had failed to present sufficient evidence to prove damages. The court stated that there was "no credible evidence in the record to support [p]laintiff's claim for damages," specifically noting that plaintiff had not submitted any medical records or corroborating evidence, and that plaintiff's entitlement to attorney fees "was previously adjudicated and cannot serve as a basis for damages."

---

[2] Because ORS 31.230(3) requires that an action for wrongful use of civil proceedings be brought after the conclusion of the civil proceeding that was wrongfully initiated, damages sought for attorney fees incurred in defending against the wrongfully initiated proceeding are damages that would have arisen prior to the action for wrongful use of civil proceedings. Accordingly, ORCP 68 does not govern the award of attorney fees as damages in such an action. ORCP 68 C(1)(a).

Plaintiff appeals, contending that the trial court erred in concluding that she was not entitled to recover damages on her claim. She reasons that the court's conclusion in the first action that she had prematurely filed her claim for wrongful use of civil proceedings means that her entitlement to recover attorney fees as damages on that claim could not have been adjudicated in the first action. She further contends that the trial court erred in denying her an award of noneconomic damages because it was required to accept as true the allegations in her complaint that she had lost sleep and experienced worry and stress as a result of having to defend against defendants' counterclaim. According to plaintiff, it follows that the trial court was required to award her at least nominal noneconomic damages on her claim.

Preservation principles require us to affirm the trial court's judgment. "No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]" ORAP 5.45(1). Here, plaintiff contends that the trial court's error in failing to award her damages did not arise until the court entered its general judgment and, consequently, that she was not required to preserve the arguments that she makes to us on appeal on the claimed error by the trial court in failing to award her economic and noneconomic damages.

Plaintiff, as appellant, is required to provide us with an appellate record that is sufficient for us to rule on the issues that she has raised on appeal. *See King City Realty v. Sunpace*, 291 Or 573, 582, 633 P2d 784 (1981) ("It is well established that it is the duty of the appellant to designate and bring to the appellate court such portions of the record of the proceedings before the trial court as are necessary to support and establish [the appellant's] contention that the trial court committed the error of which the appellant complains on appeal."). Our ability to review plaintiff's claimed error in the trial court's decision not to award her damages depends on the proposition that plaintiff did not have to preserve the error because it did not arise until the court entered the general judgment, which depends, in turn, on the proposition that nothing pertinent to the claimed

error was discussed at the *prima facie* hearing. Because we do not have a record of the *prima facie* hearing, we cannot determine whether the latter proposition is correct, and, hence, we cannot determine whether the former proposition is correct. It follows that the appellate record is insufficient to allow us to review plaintiff's claimed error. Further, we do not consider it to be appropriate for us to review the claimed error as plain error because plaintiff has not asked us to do that.

Affirmed.